UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS LEWIS,

    Petitioner,                          Case Number 4:16-CV-10701
                                             Honorable Linda V. Parker

v.

CATHERINE BAUMAN,

    Respondent.
_____/

**<u>OPINION AND ORDER DENYING PETITIONER'S MOTION TO HOLD
HABEAS PROCEEDINGS IN ABEYANCE</u>**

On February 23, 2016, Petitioner Darius Lewis ("Petitioner") filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his Michigan state-court convictions for one count of armed robbery and one count of safe breaking. On March 26, 2018, Petitioner filed a request to hold these federal habeas proceedings in abeyance to permit him to file an application for leave to appeal the denial of his post-conviction motion in the Michigan Supreme Court. For the reasons that follow, the Court is denying Petitioner's request.

**I.    Background**

Petitioner was convicted of the above-offenses following a jury trial in the Saginaw County Circuit Court. His convictions were affirmed on direct appeal.

1

*People v. Lewis,* No. 314110, 2014 WL 1616409 (Mich. Ct. App. April 22, 2014); *lv. den.* 855 N.W.2d 746 (Mich. 2014).

Thereafter, Petitioner filed a post-conviction motion for relief from judgment pursuant to Michigan Court Rule 6.508(D)(3)(b), asserting ineffective assistance of trial counsel. The trial court denied the motion. *People v. Lewis*, No. 12-037025-FC (Saginaw Cir. Ct. Aug. 31, 2015). The trial court also denied Petitioner's subsequent motion for reconsideration on September 30, 2015. The Michigan Court of Appeals denied Petitioner's application for leave to appeal on July 25, 2016. *People v. Lewis*, No. 332095 (Mich. Ct. App. July 25, 2016). Pursuant to Michigan Court Rule 7.305(C)(2)(a), Petitioner then had fifty-six days, or until September 20, 2016, to file an application for leave to appeal to the Michigan Supreme Court. Petitioner did not timely file an application and it does not appear that he has otherwise done so.

In the meantime, as indicated earlier, Petitioner filed the pending federal habeas corpus action on February 23, 2016. Respondent filed an Answer on September 21, 2016, noting Petitioner's failure to fully exhaust the denial of his post-conviction motion. (Answer at 8, ECF No. 9 at Pg. ID 53).

## II. Discussion

A habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's

2

(AEDPA) statute of limitations can file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings provided there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278. It would be futile to hold these habeas proceedings in abeyance, however, because the time has expired for Petitioner to file a delayed application for leave to appeal the denial of his post-conviction motion in the Michigan Supreme Court.

Accordingly,

**IT IS ORDERED** that Petitioner's request to stay these proceedings (ECF No. 12) is **DENIED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: July 16, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 16, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>Case Manager